**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2121**

MICHAEL A. ALLEN, JR.; SHEILA JONES,

           Plaintiffs – Appellants,

     v.

GEORGE GILLENWATER; JEREMY JONES; D. E. YOUNG; DET.
TUNSTALL; WILLIAM KELLY; G. A. HARRIS; ROBERT VOORHEES,

           Defendants - Appellees.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Catherine C. Eagles,
District Judge. (1:10-cv-00359-CCE-JEP)

Submitted: February 22, 2013      Decided: March 28, 2013

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Allen, Jr., Sheila Jones, Appellants Pro Se. Kari
Russwurm Johnson, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants appeal the district court's order granting summary judgment on their Fourth Amendment claims raised under 42 U.S.C. § 1983 (2006) and Appellant Allen's state law defamation claim. We have reviewed the record and find no reversible error.[*] Accordingly, we affirm substantially for the reasons stated by the district court. Allen v. Gillenwater, No. 1:10-cv-00359-CCE-JEP (M.D.N.C. Aug. 15, 2012). We deny Appellants' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although Appellants allege that Appellees improperly withheld discovery materials from them, we find no basis in the record to support this assertion. Insofar as Appellants seek to introduce new documents and request previously-unavailable records from a criminal case, we must decline to consider these materials. See Fed. R. App. P. 10 (defining "record on appeal" and grounds for supplementation); United States v. Hussein, 478 F.3d 318, 335-36 (6th Cir. 2007) (recognizing that supplementation of record is intended to "correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals").